IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Marcus Hahn,<br><br>        Petitioner,<br><br>vs.<br><br>Warden Bonita Mosley,<br>Federal Correctional Institution,<br>Edgefield, South Carolina,<br><br>        Respondent. | C/A No.: 9:16-3235-JFA<br><br><br>**ORDER** |

## I. INTRODUCTION

Marcus Hahn, ("Hahn" or "Petitioner"), proceeding *pro se*, is an inmate incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Petition in this

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a

1

case without prejudice. (ECF No. 28). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner was advised of his right to object to the Report, which was entered on the docket on November 20, 2017. (ECF No. 28). Petitioner filed his objections to the Report ("Objections") on January 8, 2018. (ECF No. 34). On January 22, 2018, Respondent filed a Reply to Petitioner's Objections.[2] (ECF No. 35). Thus, this matter is ripe for review.

---

de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

[2] The Court takes note of Respondent's Reply (ECF No. 35) and the changing law surrounding the § 2255(e) savings clause. However, in this case, the Court need not reach the question of whether the *Jones* test is too "expansive" as the Respondent asserts.

## II. DISCUSSION

Petitioner attempts to make several objections to the Report (ECF No. 34), most of which are repetitions of Petitioner's assertions in his Petition (ECF No. 1). Although vague, some of Petitioner's assertions could be construed as definite enough to constitute an objection. However, each of these objections is without merit.

### A. TO CLARIFY, RESPONDENT FILED A MOTION TO DISMISS, NOT A MOTION FOR SUMMARY JUDGMENT.

Initially, Petitioner objects to the Report "insofar as the Report states that Respondent has filed a Motion for 'summary judgment' under Fed.R.Civ.P. 56." (ECF No. 34 p. 3). Petitioner is correct. In fact, Respondent moved to dismiss on the basis of 28 U.S.C. § 2241 and the test from *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000), and it is not a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* (ECF No. 17). However, this technical error does not have a dispositive effect on the case at issue.

The Magistrate, after stating that Respondent filed a "motion for summary judgment" (ECF No. 28 p. 1), later in the discussion section of the Report states that "this action is subject to dismissal because . . . ." (ECF No. 28 p. 7). Furthermore, the Magistrate recommended that "the Petition in this action be dismissed, without prejudice." (ECF No. 28 p. 11) (emphasis omitted). Thus, this particular objection warrants no further discussion because the Magistrate analyzed the case as a motion to dismiss and made a mere typographical error in its Report.

## B. PETITION FAILED TO SATISFY THE FIRST AND SECOND PRONG OF THE *IN RE JONES* TEST.

The Petitioner's objects to the Report's finding that Petitioner failed to satisfy the first and second prongs of the test from *In re Jones*. This is a substantive issue, and it is thus addressed below.

As a threshold matter, the Report states that Petition should have been filed pursuant to 28 U.S.C. § 2255 instead of 28 U.S.C. § 2241. (ECF No. 28 p. 7–8). The crux of Hahn's argument, however, is that the decision in *United States v. Rentz*, 777 F.3d 1105 (10th Cir. 2015) (en banc) renders the "[i]ndictment [as] defective" and, more specifically, "Count IV cannot stand." *See* (ECF No. 34 p. 9). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena, v. U.S.*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides the following:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective* to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

"[I] is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). "It is only when '§2255 proves inadequate or

ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Id.* (quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion." *Id.* (quoting *Vial*, 115 F.3d at 1194 n.5) (internal quotations omitted). The Fourth Circuit Court of Appeals provides the circumstances in which a § 2241 petition may be used to pursue habeas relief. *See Jones*, 226 F.3d at 333–34. In *Jones*, the court held that "§ 2255 may be inadequate or ineffective in certain circumstances," and that, "under these limited circumstances, § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly," in these circumstances, "the prisoner may file a habeas petition under § 2241." *Jones*, 226 F.3d at 333. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34.

Initially, in his Objections, Petitioner objects to the Report's finding that he did not satisfy the first prong of the *Jones* test because "he did not rely on or discuss the first prong of *In re Jones* as a substantive basis to argue [d]ismissal of Hahn's Petition in its Motion to Dismiss." (ECF No. 34 p. 5). This is not a cognizable legal argument. The Report is based on Hahn's Petition, and the Magistrate is tasked with determining

5

whether or not Hahn's Petition should be granted or denied. Hahn did, in fact, discuss the first prong of the *Jones* test in his Petition. *See* (ECF No. 1 p. 4).

Additionally, Petitioner argues in his Objections that *United States v. Sturmoski*, 971 F.2d 455 (10th Cir. 1992) was, in fact, settled law at the time he filed his initial § 2255 Petition, and thus he should be able to satisfy the first prong of the *Jones* test. The facts of *Sturmoski* are similar to the facts of the present case.

In *Strumoski*, the defendant was charged for maintaining a place for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856 (Count III) and for attempting to manufacture methamphetamine in violation of 21 U.S.C. § 846 (Count IV). *Sturmoski*, 971 F.2d at 455. Moreover, and more relevant to this case, the defendant was convicted under § 924(c)(1)(A) for carrying a gun in both Counts V (carrying and using a firearm to facilitate *maintaining an establishment* for the purpose of methamphetamine manufacture) and Count VI (carrying and using a firearm to facilitate the *attempt to manufacture* methamphetamine). *Sturmoski*, 971 F.2d at 460–61 (emphasis added).

The court determined that § 924(c) could impose separate counts that "cover the same criminal episode" if "Congress intended multiple convictions and sentences for the underlying offenses." *Id.* at 461. The court determined that the language of 21 U.S.C. § 856, as well as the legislative history, indicated that "Congress intended multiple convictions and punishments for the offenses charged in Counts III and IV." *Id.* at 461 ("The statutory language and legislative history of 21 U.S.C. § 856(a) demonstrate that Congress intended to create a *new felony* that would punish a defendant's *use of property* for manufacturing activities related to narcotics.") (emphasis in original).

In this case, "Hahn was arrested at his home, where he was cultivating marijuana plants and where he also kept firearms." *U.S. v. Hahn*, 38 F. App'x 553, 554 (10th Cir. 2002). "A jury found him guilty of the following offenses: knowingly and intentionally manufacturing marijuana, in violation of 21 U.S.C. § 841(1) and (b)(1)(B); opening and maintaining a place for the purpose of manufacturing, distributing, and using marijuana, in violation of 21 U.S.C. § 856(a)(1) and (b); *possessing a firearm in furtherance of the manufacture of marijuana, in violation of 18 U.S.C. § 924(c)(1)(A)*; and *possessing a firearm in furtherance of the maintenance of a place to manufacture, distribute, and use marijuana, in violation of 18 U.S.C. § 924(c)(1)(A). Id.* (emphasis added). "[Hahn's] appeal focuse[d] solely on the sentence [he] received for the second firearm violation." *Id.* The only real difference between *Hahn* and *Sturmoski* is the type of "controlled substance"—Hahn was arrested for marijuana, and Sturmoski was arrested for methamphetamine. Thus, the facts of the two cases are clearly similar.

Thus, Petitioner's argument that *Sturmoski* constituted settled law at the time he filed his § 2255 Petition likely has merit because *Sturmoski* has not been overruled,[3] and the facts of *Sturmoski* are nearly identical to the present case. *See Sturmoski*, 971 F.2d at 455–56; *Hahn*, 38 F. App'x at 554. Therefore, Petitioner can likely satisfy the first prong of the *Jones* test.

However, Petitioner's claim clearly fails as to the second prong of the *Jones* test. Petitioner relies heavily on *US v. Rentz*, 777 F.3d 1105 (10th Cir. 2015) [hereinafter

---

[3] The current date is January 23, 2018. As of this date, *Sturmoski* has not been overruled.

7

*Rentz II*]. The *Rentz* case involved a completely different set of facts from those upon which Petitioner's case is based, as well as the facts in *Sturmoski*.

In *Rentz,* the defendant was charged with "use of a firearm in furtherance of murder" and with "use of a firearm in furtherance of assault." *U.S. v. Rentz*, 735 F.3d 1245, 1247 (10th Cir. 2013) [hereinafter *Rentz I*]. The defendant "fired a single gunshot from his . . . 9mm carbine, and the "bullet passed through the body of and seriously injured" one individual and subsequently "struck and killed" another individual. *Rentz I*, 735 F.3d at 1247. The single gunshot struck two different people. *See id.* Therefore, in *Rentz II*, the Tenth Circuit dealt with a very narrow set of circumstances that are not at all similar to the case at bar. *See id.*

Moreover, in 2015 when *Rentz II* was decided, the Tenth Circuit understood that § 924(c)(1)(A) was a murky area of the law. *See Rentz II*, 777 F.3d at 1108 ("This court has not yet clearly decided whether a separate use, carry, or possession is necessary to support each count of conviction."). Furthermore, the court stated the following in its holding: "[w]e don't mean to suggest we think we've somehow cracked § 924(c)'s code. Even now plenty of hard questions remain. Not least this: what exactly suffices to constitute a unique and independent use, carry, or possession sufficient to support a second or successive § 924(c)(1)(A) charge?" *Rentz II*, 777 F.3d at 1115. Thus, the conduct for which Petitioner was charged has not changed such that it is no longer deemed to be criminal.

The court in *Sturmoski* clarified the law in the context of 21 U.S.C. § 856. *See Sturmoski*, 971 F.2d at 461 (holding that *manufacturing* a controlled substance is a

8

distinct and separate crime from *maintaining a premises* for the purpose of manufacturing of a controlled substance) (emphasis added). One can surely maintain a premises for a purpose, say football, without ever playing football on that property. The underlying crimes in *Sturmoski* are thus clearly distinct crimes. *See id.* However, the murder and assault in *Rentz* occurred from a single gunshot and thus could not be separated. *See Rentz II*, 777 F.3d at 1110 ("Just as you can't *throw* more touchdowns *during the fourth quarter*, than the total number of times you have *thrown* a touchdown, you cannot *use* a firearm *during and in relation to crimes of violence* more than the total number of times you have *used* a firearm.") (emphasis in original). Petitioner clearly cannot claim his case is like *Rentz*. Therefore, Petitioner cannot satisfy the second prong of the *Jones* test.

The remainder of Petitioner's assertions in his Objections to the Report (ECF No. 28) are aimed at discrediting the length of his sentence. Petitioner is not claiming innocence. Therefore, Petitioner cannot invoke the § 2255 savings clause, and thus he may not proceed under § 2241. *See, e.g.*, *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offence of conviction.").

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation (ECF No. 28) fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, the Court adopts the Report and Recommendation (ECF No. 28). Hahn's Petition is thus dismissed without prejudice.

    IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

January 23, 2018                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge